**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Claude L. BRATTON, Defendant-**
**Appellant.**

**No. 20278.**

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 1970.

Lloyd Comer, Lawrenceburg, Tenn., for appellant.

Fred D. Thompson, Asst. U. S. Atty., Nashville, Tenn., Charles H. Anderson, U. S. Atty., Nashville, Tenn., on the brief, for appellee.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and WEINMAN, District Judge.*

PER CURIAM.

Appellant Bratton appeals from his conviction on all four counts of an indictment charging violation of various provisions of the Internal Revenue Code

---

* Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

pertaining to the distilling and taxation of spirituous liquors. The sole issue on appeal is whether the District Court erred in overruling Bratton's motion to suppress testimony concerning the presence of distillery apparatus in Bratton's backyard. The motion was based on an alleged unlawful search of the fenced area located immediately behind Bratton's home. No search was made of the residence or any other building on the premises.

An agent of the Alcohol, Tobacco and Firearms Division and the Sheriff of Wayne County, Tennessee, located an abandoned distillery in a wooded area on property not owned by Bratton but located near his residence. The officers continued their investigation by walking through the surrounding woods. They came to a path leading across Bratton's property. Near the path they found a "stash" of 62 gallons of "moonshine" whiskey. Proceeding along the path they saw Bratton and another man working at a "moonshine" distillery in a hog lot claimed to have been owned by Bratton. The two men ran from the scene and the sheriff chased them approximately three hundred yards before returning to the site of the distillery. The agent radioed two other officers in the area informing them that the two men had escaped. The sheriff and his companion then headed back along the path in the direction from which they had approached the distillery. This led them to the Bratton residence which was enclosed by a yard fence.

A still pot, thirty gallon pressure tank and radiator condensor were clearly visible within the fenced yard and were observed by officers from the area across the fence outside the curtilage. The officers crossed the fence to inquire of Bratton's whereabouts, and, while there, they observed additional incriminating materials. Bratton and his co-defendant were not found and arrested until two days later.

At the trial, the officers testified as to the incriminating facts which they observed both before and after entering the backyard.

District Judge Frank Gray, Jr., overruled Bratton's motion to suppress. The jury returned a verdict of guilty as to Bratton and not guilty to his co-defendant. Bratton was sentenced to imprisonment for three years on each of the four counts, to run concurrently. All except the first six months of the sentence was suspended and Bratton was placed on probation for the remaining two and one-half years of his sentence.

The Court is satisfied that the record discloses no violation of Bratton's rights under the Fourth Amendment.

The judgment of the District Court is affirmed.